IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

TERESA LYNN LICHLYTER,

           Plaintiff,

v.                                              CIVIL ACTION NO.  6:11-cv-00597

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Teresa Lynn Lichlyter's Complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") [Docket 2].  By standing order, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R").  The Magistrate Judge filed a PF&R [Docket 13] on May 22, 2012, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket.  Plaintiff filed an objection to the PF&R on June 7, 2012.

The Court concludes, over Plaintiff's objection, that the Administrative Law Judge's decision not to order a physical consultative examination was supported by substantial evidence.

*I.    BACKGROUND*

Plaintiff Teresa Lynn Lichlyter filed applications for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB") on December 4, 2007.  She alleged disability as of October 5, 2007, due to herniated back discs, Hepatitis C, depression, anxiety, and pain in her

1

hands, neck, shoulders, lower back, hips, knees, legs, and ankles. Her claims were initially denied, and she requested a hearing before an Administrative Law Judge. The full factual and procedural history is set forth in the PF&R.

Administrative Law Judge William R. Paxton ("ALJ") using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, made the following findings:

1. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010;

2. Plaintiff has not engaged in substantial gainful activity since October 5, 2007, the allege onset date;

3. Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, hepatitis C virus, chronic obstructive pulmonary disease, degenerative change at the distal interphalangeal joint of the little finger of the right hand, obesity, major depressive disorder, generalized anxiety disorder, personality disorder, and attention deficit hyperactivity disorder.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; and

5. Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967, with certain limitations.

## II. PLAINTIFF'S OBJECTION TO THE PF&R

Plaintiff's sole objection to the PF&R is the Magistrate Judge's recommendation that the Court find that the ALJ did not err in his duty to develop the record by not ordering a physical consultative examination. (Docket 14 at 1.) Plaintiff avers that the ALJ denied her request for a physical consultative examination without discussing or providing a rationale for the decision. Further, she claims that she has impairments that the ALJ did not consider in his decision and that required development through a consultative examination—namely, right hand degenerative changes and psychological impairments. (*Id.* at 2.)

### III.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court has a narrow role in reviewing claims brought under the Social Security Act. Its review is limited to determining whether the contested factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted); *see Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (finding that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."). If substantial evidence exists, the Commissioner's final decision must be affirmed. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

### IV.     DISCUSSION

Plaintiff objects to the PF&R on the basis that the ALJ failed to properly develop the administrative record by failing to order a consultative examination. (Docket 14 at 1.) More particularly, she claims that the ALJ failed to develop evidence of and to consider her right hand degenerative changes and psychological impairments. (*Id.* at 2.)

An ALJ has a duty to develop the record. 20 C.F.R. § 416.912(d). An ALJ's duty to assist in developing the record "is triggered only when there is ambiguous evidence or when the

record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citation omitted). An ALJ may order a consultative examination when the evidence on the record is insufficient for the ALJ to determine whether the claimant is disabled. 20 C.F.R. §§ 416.917, 416.919a(b). A reviewing court "gives deference to an ALJ's decision about how much evidence is sufficient to develop the record fully and what measures . . . are needed in order to accomplish that goal." *Poyck v. Astrue*, 414 Fed. Appx. 859, 861 (7th Cir. 2011) (citation omitted).

Furthermore, the ALJ's duty to develop the record does not excuse the claimant from proving her disability. 20 C.F.R. § 404.1512(a) (2010); s*ee Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981) ("A claimant for disability benefits bears the burden of proving a disability."); *Seacrist v. Weinberger*, 538 F.2d 1054, 1057 (4th Cir. 1976). Remand for failure to develop the record may also be unwarranted where the claimant cannot show that she was prejudiced by the failure. *Cary v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). "To establish prejudice, a claimant must demonstrate that . . . she could and would have adduced evidence that might have altered the result." *Id.*

Contrary to Plaintiff's assertion, she was not entitled to a consultative examination merely because her impairments were varied and severe. (Docket 14 at 1.) At issue is whether the record lacked sufficient evidence for the ALJ to make an informed decision. Because in her objection to the PF&R Plaintiff specifically argues that a consultative examination was required to develop evidence of her right hand degenerative changes and psychological impairments, the

Court limits its review to whether substantial evidence existed to support the ALJ's decision as to these impairments.[1]

The ALJ had sufficient evidence regarding the functional impact of the degenerative changes in Plaintiff's right hand on her ability to perform basic work activities. The ALJ determined that the degenerative change in Plaintiff's right hand was a severe impairment, but that it did not meet one of the listed impairments in the Code of Federal Regulations. (Tr. at 16.) Plaintiff bears the burden of proof to establish that her impairment rises to the level recognized in federal regulations. She has not met that burden. Indeed, during her opening statement, Plaintiff's counsel referenced a combination of Plaintiff's impairments—including back pain, Hepatitis C, and psychological impairments—that prevented Plaintiff from being able to maintain substantial gainful activity. (Tr. at 28-29.) She did not once refer to degenerative changes in Plaintiff's right hand as such an impairment. (*Id.*) Plaintiff testified at the hearing that her hands were deformed and swollen, that her fingers were curved, and that she could not open a bottle or use a can-opener. (Tr. at 40.) She did not and does not allege, however, that any degenerative changes in her hand have resulted in a loss of function as defined by the regulations; indeed, medical evidence in the record contradicts any such assertion.

Plaintiff's treating physician, Dr. Wolfe, performed a medical evaluation approximately four months after Plaintiff filed her application for benefits. In Dr. Wolfe's evaluation completed March 14, 2008, he noted that Plaintiff's fine motor ability was normal, that he did

---

[1] Claimant's assertion that these impairments were not considered in the ALJ's decision is unfounded. The ALJ did take into consideration her right hand degenerative changes and psychological impairments in making his decision. He found both these impairments were severe. (Tr. at 15.) He concluded that these impairments, however, considered in connection with Claimant's other impairments, did not meet or equal the severity of any listed impairment. *Id.* (citing 20 C.F.R. pt. 404, subpt. P, app.1).

not find any joint deformities, that the range of motion in her fingers and wrist was normal, and that Plaintiff was able to make a fist, pick up coins, button clothing, and tie a shoestring. (Tr. at 547.) Dr. Wolfe's medical source statement opined that Plaintiff was able to perform fine and gross movements effectively. (*Id.*) Neither these medical records nor Plaintiff's testimony suggest that any impairment Plaintiff suffered in her right hand was severe enough to meet one of the listed impairments. With sufficient evidence to determine the existence of a disability, the ALJ had the discretion not to order a consultative examination. 20 C.F.R. §§ 404.1512, 416.912.

In addition to the right hand degenerative changes, Plaintiff avers that her psychological impairments needed to be further developed through a consultative examination. (Docket 14 at 2.) The Court does not share this view of the record. The record is replete with evaluations of Plaintiff's psychological impairments. Plaintiff underwent a consultative psychological evaluation on June 23, 2008, and her counsel submitted an additional psychological assessment performed on November 21, 2009. (Tr. at 592-95, 670-81.) The ALJ questioned Plaintiff at the hearing concerning the severity of her depression and anxiety. (Tr. at 37-38.) The ALJ's decision that Plaintiff's mental health impairments, though severe, did not rise to the level of disability recognized by federal regulations was supported by substantial evidence.

Finally, Plaintiff has failed to identify how her claim was prejudiced by the denial of a consultative examination. Plaintiff has not argued that her conditions have worsened and has not identified new impairments that the ALJ failed to consider. The ALJ's duty to develop the record does not trump Plaintiff's obligation to make out a prima facie case for disability. Where substantial evidence supports the ALJ's decision not to order a consultative examination, as it does here, Plaintiff bore the risk of non-persuasion. *Seacrist*, 538 F.2d at 1057.

## V. CONCLUSION

Upon review of the administrative record and consideration of Plaintiff's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with applicable law. For these reasons, the Court **ADOPTS** the PF&R [Docket 13], **OVERRULES** Plaintiff's objection [Docket 14], **DISMISSES** Plaintiff's complaint [Docket 2], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will be filed this day implementing the Court's judgment.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 25, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE